UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MALCOLM HAYES,

        Plaintiff,

- against -                                **MEMORANDUM AND ORDER**
                                                         07-cv-2438 (RRM)(ALC)

CABLEVISION SYSTEMS NEW YORK CITY
CORPORATION FOR BROOKLYN,

        Defendant.

----------------------------------------------------------X

**MAUSKOPF, United States District Judge.**

        Plaintiff, Malcolm Hayes, commenced the instant action on June 15, 2007, alleging that Defendant Cablevision Systems New York City Corporation for Brooklyn ("Cablevision") violated his rights under 42 U.S.C. § 1981. Defendant moved to dismiss Plaintiff's retaliation claim pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint failed to satisfy the pleading requirement under Fed. R. Civ. P. 8(a). Plaintiff opposed the motion and cross-moved to amend his complaint. The parties' motions were referred to the Honorable Andrew L. Carter, United States Magistrate Judge, for a Report and Recommendation ("R&R"). Now before this Court is Judge Carter's R&R recommending that Defendant's motion to dismiss and Plaintiff's cross-motion to amend be denied.

        For the following reasons, the Court adopts Judge Carter's recommendation that Plaintiff be allowed to proceed on a theory of retaliation under 42 U.S.C. § 1981. However, in this Court's view, Plaintiff is entitled to amend his complaint to expressly state a cause of action under 42 U.S.C. § 1981. Therefore, Defendant's motion to dismiss is denied as moot.

1

## STANDARD OF REVIEW

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). If any party timely serves and files written objections to a magistrate judge's report and recommendation on a dispositive motion, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed, see *Thomas v. Arn*, 474 U.S. 140, 150 (1985), and instead reviews those portions for clear error, see *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

## BACKGROUND

The Court assumes parties' the familiarity with the facts and procedural history of this case, and states the facts of the case insofar as they pertain to Defendant's objections to the R&R. Plaintiff, Malcolm Hayes, alleges that Defendant Cablevision violated his rights under 42 U.S.C. § 1981. He alleges the following:

> 8. While Chris Connor ("Connor"), plaintiff's manager, a Caucasian employee of the defendant, was conducting the meeting, suddenly and without notice, ordered the plaintiff to stand in the corner.
>
> . . .
>
> 16. Connor indicated that if plaintiff had his boots tied then maybe the techs would not walk around here looking like "thugs."

2

17. On April 2, 2007, plaintiff reported Connor's actions, which included assault, battery, slander, and racial discrimination, to Bill Entenmann, the Director for Human Resources.

18. On Friday April 13, Bill Entenmann spoke to plaintiff again regarding the Chris Connor incident. He said upon his investigation it is very clear that Connor embarrassed and assaulted you.

19. Plaintiff requested to Entenmann, Director of Human Resources, that he not be required to report to Connor, which request was denied.

20. Malcolm Hayes was subsequently terminated by the defendant, on April 30, 2007, about four weeks after the incident.

21. Plaintiff was subjected to an assault and battery by an employee, Chris Connor, of the defendant.

22. Malcolm Hayes, Plaintiff was subjected to discrimination because of [sic] plaintiff was of color.

*See* Compl.

Defendant argues that these allegations fail to provide fair notice of a retaliation claim. Defendant asserts that the complaint is devoid of the word "retaliation" or some derivation thereof, and that the only claim alleged is a single count of race discrimination in violation of 42 U.S.C. § 1981. Plaintiff, on the other hand, contends that the complaint asserts both a claim for race discrimination and retaliation under 42 U.S.C. § 1981.

## DISCUSSION

### I. Federal Rule of Civil Procedure 8(a)

Fed. R. Civ. P. 8(a) provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." In other words, "[s]uch a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002); *see also Ashcroft v. Iqbal*, 556 U.S. --, 129 S.Ct. 1937 (2009). The Second Circuit

has defined "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)). Here, Defendant argues that Plaintiff never gave "fair notice" that he intended to state a claim of retaliation.

The Court concludes that the complaint alleges facts which could give rise to a retaliation claim. *See* R&R at 7. However, whether Plaintiff provided "fair notice" of his purported Section 1981 retaliation claim is a much closer question. As Defendant correctly points out, the complaint does not contain the word "retaliation" or any variation thereof, and does not clearly describe a situation of reprisal or retribution. *See* Def.'s Objections at 4. Additionally, the only Section 1981 claim explicitly stated in the complaint is discrimination based on Plaintiff's color.

Undoubtedly, Defendant raises a valid concern regarding whether Plaintiff has met the "fair notice" pleading standard. Nonetheless, the Court declines to use this opportunity to further expound on the contours of Rule 8(a) because in any event, Plaintiff is entitled to amend his complaint to expressly state a claim for retaliation under 42 U.S.C. § 1981.

## II. Motion to Amend

Under Fed. R. Civ. P. 15(a)(2), leave to amend should be freely given when justice so requires. A motion for leave to amend should be denied only for good reason such as undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility. *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962)). "Mere delay . . . absent a showing of bad faith or undue

4

prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citations omitted).

Here, Defendant argues that granting an amendment at this late stage would "severely and unjustly prejudice Cablevision's defense of this action." Def. Reply at 12. Nonetheless, the Court finds that Defendant would not be unduly prejudiced. Although Plaintiff's motion to amend comes after the close of discovery, Defendant has not yet moved for summary judgment. *Compare Jackson v. Roslyn Bd. of Educ.*, 596 F.Supp.2d 581, 586 (E.D.N.Y. 2009) (no prejudice to Defendants because discovery had only recently been completed, extensive new discovery was not required and summary judgment motions had not been filed), *and Hampton Bays Connections, Inc. v. Duffy*, 212 F.R.D. 119 (E.D.N.Y. 2003), *with Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (affirming denial of leave to file a third amended complaint after the nonmovant had filed for summary judgment and discovery had been completed, and more than 17 months after commencement of the action) *and Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985). Moreover, Plaintiff's claim of retaliation arises out of the same facts that form the basis for his discrimination claim. Therefore, little if any additional discovery would be needed on this new claim. *See Xpressions Footwear Corp. v. Peters*, 1995 WL 758761, at *2 (S.D.N.Y. Dec. 22, 1995) (federal courts "consistently grant motions to amend where it appears that new facts and allegations were developed during discovery, are closely related to the original claim, and are foreshadowed in

earlier pleadings."). Accordingly, in the interests of justice, Plaintiff is entitled to amend his complaint to expressly state a claim of retaliation under 42 U.S.C. § 1981.[1]

## CONCLUSION

For the following reasons, Plaintiff's motion to amend is granted, and Defendant's motion to dismiss is denied as moot. The Court deems the complaint amended as expressly stating a retaliation claim under 42 U.S.C. § 1981. The case is hereby referred to the Magistrate Judge for pretrial purposes, including expedited discovery if necessary.

SO ORDERED.

ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
May 17, 2010

---

[1] Plaintiff also moves to amend his complaint to state a hostile work environment claim. For the reasons stated in Judge Carter's thoroughly researched and well-reasoned R&R, that motion is denied.