

Littler Mendelson, P.C.
900 Third Avenue
New York, NY 10022.3298

Barbara E. Hoey
212.497.8488 direct
212.583.9600 main
bhoey@littler.com

July 28, 2010

**BY ECF**

Judge Andrew L. Carter, Jr.
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Room N505
Brooklyn, NY 11201

Re: *Malcolm Hayes v. Cablevision Systems New York City Corporation for Brooklyn*
CV-07-2438 (RRM) (ALC)

Dear Judge Carter:

We represent the Defendant Cablevision Systems New York City Corporation ("Cablevision" or "Defendant") in the above-referenced matter. We write in response to the July 26, 2010 letter brief of Plaintiff's counsel, James LeBow regarding the Defendant's motion to compel and to extend the deadline to take Plaintiff's deposition. A few points in Mr. LeBow's letter warrant a reply.

**Verification of Interrogatory Responses**

Rule 33(b)(1)(A), (3) and (5) of the Federal Rules of Civil Procedure require that interrogatories be answered in writing, under oath, and signed by the person making them. Where the plaintiff fails to properly verify interrogatory responses, the Court should order the plaintiff to do so. *Morin v. Nationwide Federal Credit Union,* 229 F.R.D. 364, 369 (D. Conn. 2005). Mr. LeBow admits that plaintiff's interrogatory responses were deficient, and states that he "expects" that his client will verify them. However, and inexplicably, almost a month has passed since we received the interrogatory responses and Plaintiff has still failed to provide the required verification. It is unacceptable for Plaintiff to wait until the eve of his deposition to sign a verification. The Federal Rules provide that this should have been done already.

We ask that the Court order plaintiff to verify the responses by a date certain.

**Plaintiff's Tax Returns**

Plaintiff's argument that discovery of his tax returns is not relevant to his retaliation claim is incorrect. Plaintiff thus far has been claiming that he has had no or very minimal income since his termination in March 2007, a period of over 3 years. (*See* Exhibit C to

Judge Andrew L. Carter, Jr.
July 28, 2010
Page 2

Defendant's July 19 letter, in Plaintiff's response to Interrogatory 7, where he states that he has earned only $1,000 since June 2008.) The only way to truly test the veracity of plaintiff's claims of such minimal income during this lengthy period is through his tax returns. The Plaintiff's tax returns will thus address the issue of his alleged economic damages and the Plaintiff's income and mitigation efforts after leaving Cablevision.

Whether under the claim for retaliation or discrimination, this type of discovery is clearly relevant and should be provided. *See Biosafe-One, Inc. v. Hawks,* 639 F. Supp.2d 358, 371 (S.D.N.Y. 2009) (noting that "tax returns are a basic item of discovery" when seeking lost income damages whether in a employment case or a commercial case); *United States ex rel. Falus v. Interamerican College of Physicians and Surgeons,* 1999 U.S. Dist. LEXIS 15746, *2, 8 (S.D.N.Y. Oct. 12, 1999) (granting defendant's motion to compel plaintiff to produce four years of his tax returns which were relevant to determining potential back pay award in a False Claims Act termination case); *Birkner v. New York Univ.,* 1983 U.S. Dist. LEXIS 10503, *10 (S.D.N.Y. Dec. 22, 1983) (finding that defendant had a right to discovery regarding plaintiff's damages and mitigation efforts and ordering that defendant was entitled to copies of all of plaintiff's federal, state and local income tax returns for a year prior to his termination and up until the time of trial).

To the extent that Plaintiff has concerns regarding the confidential or sensitive nature of these documents, this concern has not been raised thus far. At any rate, Defendant is willing to agree to a reasonable confidentiality stipulation. *Beaty v. Basic Resources Int'l, S.A.,* 1985 U.S. Dist. LEXIS 20325, *3 (S.D.N.Y. Apr. 29, 1985).[1]

We ask that plaintiff be ordered to produce his tax returns.

**Damage Computation**

This litigation was commenced in 2007. To date, Defendant has never received from plaintiff an itemized computation of the damages which he seeks. We submit that, whether these are claimed as part of his retaliation claim or his discrimination claim, and whether pursuant to the automatic disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure or the duty to supplement discovery under Rule 26(e) – there should be no question that Plaintiff is required to provide such an itemized computation.

Since plaintiff appears unwilling to meet that obligation, we ask that the Court order him to do so. Defendant has a right to obtain a clear understanding of the amount and calculation of each element of Plaintiff's alleged damages whether it is in connection with the discrimination or retaliation claim. Here, Plaintiff asserts that the damages in connection with

---

[1] Even if the Court is hesitant to order Plaintiff to produce his tax returns, at least the Plaintiff's W-2 and 1099 statements requested by Defendant should be produced. *Bujnicki v. American Paving and Excavating, Inc.,* 2004 U.S. Dist. LEXIS 8869, *42 (S.D.N.Y. Feb. 25, 2004).

Judge Andrew L. Carter, Jr.
July 28, 2010
Page 3

his retaliation claim "are not distinguishable from his damages from discrimination." Defendant has never received an itemized computation of the damages in the discrimination claim. Given this statement, Plaintiff should explain in a sworn interrogatory response what those damages are and how they are calculated. So far, Plaintiff has failed to provide the necessary damage calculation in connection with either claim.

In addition, under Rule 26(e), Plaintiff had an obligation to supplement his January 2008 interrogatory response which advised that the damages had not yet been calculated. The purpose of the discovery supplementation rule is to avoid "ambush at trial" and to assure that all material information in response to a discovery request has been disclosed. *Sandata Technologies, Inc. v. Infocrossing, Inc.,* 2007 U.S. Dist. LEXIS 85176 (S.D.N.Y. Nov. 16, 2007). This obligation to supplement is on the receiving party, not the requesting party and does not end upon the conclusion of discovery. *The Pizza Public Co., Ltd. v. Tricon Global Restaurants, Inc.,* 2000 U.S. Dist. LEXIS 14252, *4 (S.D.N.Y. Sept. 29, 2000).

Again, whether it is to supplement Plaintiff's prior response or in response to the Defendant's recent interrogatory on the retaliation claim, Plaintiff should be required to provide the required damages computation.

**Authorization for Records**

Plaintiff still has not provided authorizations for treatment records and employment records. No reason is offered in Mr. Lebow's letter for this.

Such authorizations should be provided immediately.

**Plaintiff's Deposition**

Finally, we submit that Plaintiff's opposition to our request for an extension of time to complete the depositions is unreasonable. Plaintiff's counsel concedes that we proposed several dates in July and early August for depositions, for which he was not available. While we do not dispute his schedule, we do point out that when Plaintiff's counsel agreed to this aggressive schedule in June - he did not advise me or the Court that he had a trial or other depositions which would interfere with his availability for this case. Counsel only offered us two dates (July 26 and August 13), neither of which we had proposed and neither of which worked, for various reasons. For one, we anticipated that the present discovery issues would not have been resolved by July 26. Second, I have other court-ordered depositions on August 13 in the case of *Dillon v. Brooklyn Hospital* (09-cv-406) ordered by Judge Pohorelsky. Given that it was due to Attorney Lebow's schedule that we have not been able to complete the depositions in this case, it would be prejudicial to defendant to deny the extension we seek.

Mr. Lebow's argument that my firm has other attorneys who are able to take depositions is irrelevant. I am the only attorney at this Firm who is familiar with this case,

Judge Andrew L. Carter, Jr.
July 28, 2010
Page 4

and I have been handling it since its inception in 2007. There is no reason why another attorney who is not familiar with this case should become involved at this late date.

In short, since depositions are not done and cannot be commenced until these issues are resolved, the extension which we request is a reasonable one. We ask that discovery be extended until September 30.

Respectfully submitted,

*[signature]*
Barbara E. Hoey

cc (via ECF): James LeBow, Esq.