UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

**MALCOLM HAYES,**

                Plaintiff,                             **ORDER**

      -against-                                 07-CV-2438 (RRM) (ALC)

**CABLEVISION SYSTEMS NEW YORK CITY
CORPORATION FOR BROOKLYN,**

                Defendant.
-----------------------------------------------------------------X

**ANDREW L. CARTER, JR., UNITED STATES MAGISTRATE JUDGE:**

Defendant Cablevision Systems New York City Corporation for Brooklyn, "Cablevision," moves this court for an order compelling Plaintiff Malcolm Hayes to: (1) verify his responses to Defendant's interrogatories and document requests; (2) produce his federal and state income tax returns from 2008 and 2009; (3) produce an itemized computation of damages in response to Defendant's interrogatory no. 4; (4) execute authorizations for the healthcare professionals and employers disclosed in his response to Defendant's interrogatories; and (5) extend discovery until September 30, 2010. During the status conference on August 6, 2010, the parties also asked me to clarify the scope of discovery.

    **I.**     **Scope of Discovery**

Discovery originally closed on April 20, 2009. (Minute Entry April 20, 2009.) After the decision on Defendant's motion to dismiss, I permitted limited discovery on the retaliation claim because it was my understanding that the parties deferred discovery on this issued pending the decision on the motion. (Minute Entry June 8, 2010.) I acknowledge Plaintiff's current concern that Defendant is not entitled to indefinite discovery. However, I will allow the parties to engage in a limited re-opening of discovery pertaining to the retaliation claim and Plaintiff's compliance

1

with this order. Furthermore, Defendant is entitled to supplemental discovery with respect to damages.

## II. Motion to Compel

### A. Verification of Interrogatory Responses

Defendant argues that Plaintiff produced un-verified interrogatory responses. Plaintiff answers that he will verify the responses before Plaintiff's deposition. Fed.R.Civ.P. 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Based on this Rule, Plaintiff is directed to verify his responses no later than **August 20, 2010**.

### B. Federal and State Income Tax Returns

Defendant requests Plaintiff's 2008 and 2009 federal and state income tax returns. Plaintiff objects, in part, that these returns are outside the scope of discovery and that Defendant is not entitled to this information.

The moving party must satisfy a two-prong test for a court to compel the production of tax returns: "1) the returns must be relevant to the subject matter of the action and (2) there must be a compelling need for the returns because the information is not 'otherwise readily obtainable.'" *Carmody v. Village of Rockville Centre*, No. 05-CV-4907, 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007) (citing *United States v. Bonanno Family of La Cosa Nostra*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988)); *accord Garcia v. Benjamin Group Enterprises, Inc.*, No. 09-CV-2671, 2010 WL 2076093 (E.D.N.Y. May 21, 2010); *McIntosh v. Bank of America*, No. 06-CV-0708S, 2008 WL 4501911, at *3 (W.D.N.Y. Sept. 8, 2008). In the instant matter, the tax returns are clearly relevant because they relate to the issue of damages. Plaintiff states that, among other items, he is seeking loss of wages. However, Defendant fails to show that the

information is "not otherwise readily obtainable." While Defendant is entitled to verify Plaintiff's income and have Plaintiff produce documentation showing income, Plaintiff's 1099 and W-2 statements from 2008 and 2009 should be sufficient. *See McIntosh*, 2008 WL 4501911, at *3. Plaintiff is ordered to produce these documents no later than **August 20, 2010**.

### C. Itemized Computation of Damages

Defendant alleges that Plaintiff has failed to produce an itemized computation of damages. Plaintiff responds that he answered this question in 2008. However, in 2008, Plaintiff answered that he has not yet calculated damages. This action has been pending for three years and the parties are closing discovery shortly. Pursuant to Fed.R.Civ.P. 26(1)(A)(iii), a party must provide "a computation of each category of damages claimed by the disclosing party." Plaintiff is directed to provide Defendant with an itemized computation of damages no later than **August 20, 2010**.

### D. Authorizations

Defendant requests that Plaintiff execute authorizations for the healthcare professionals and the employers he identified in response to Defendant's interrogatories. Defendant seeks authorizations for Plaintiff's medical records from 2008 to present, as well as records from the potential and actual employers involved in Plaintiff's job search. Plaintiff argues that such discovery falls outside the retaliation claim, that he produced the healthcare authorizations in 2008, and that discovery has closed.

Defendant is entitled to the current health records because Plaintiff is seeking damages for mental pain and anguish. Plaintiff alleges in his interrogatory response that he has been seeing medical professionals due to Cablevision's alleged retaliatory actions. Accordingly, Plaintiff is directed to provide the authorizations for the healthcare providers listed in response to

3

interrogatory no. 5, as well as the potential employers identified in response to interrogatory no. 8. The information regarding the potential employers correlates to the issue of damages. Plaintiff is to produce the authorizations by **August 20, 2010**. However, at this time, Plaintiff does not need to execute authorizations for his current employers, AFLAC or Melaleuca. Rather, Plaintiff should provide documentation verifying income from these two companies by **August 20, 2010**. These medical and employment documents shall be considered confidential, shall be marked as such, and may only be used in connection with this litigation.

    **E. Extension of Discovery**

Defendant requests an extension of discovery to allow time to depose Plaintiff. Plaintiff opposes any such extension. The letters indicate that counsel's time is limited and both attorneys are having trouble coordinating schedules. Accordingly, I will permit the extension of discovery until **September 30, 2010** for the sole purpose of (1) taking Plaintiff's deposition and (2) finishing discovery on the limited issue of retaliation.

**III. Conclusion**

For the reasons set forth above, Defendant's motion to compel is granted in part and denied in part. The next telephone status conference will be on **October 5, 2010** at 2:00 p.m. Plaintiff is to initiate the call with all relevant participants on the line. During this conference, the parties should be prepared to discuss whether they would like a settlement conference and where they stand with respect to expert discovery.

**SO ORDERED**

**Dated: August 9, 2010**
    **Brooklyn, New York**

                                    /s/ ALC
                                  _____
                                  **HONORABLE ANDREW L. CARTER, JR.**
                                  **UNITED STATES MAGISTRATE JUDGE**